IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01144-EWN-BNB

ROBERT SAIZ, individually, and
BRIGHTON SANTA-FE INC., d/b/a Brighton Depot, Inc., a Colorado corporation,

Plaintiffs,

v.

CHARTER OAK FIRE INSURANCE CO., a Connecticut corporation,

Defendant.

_____

**ORDER**

_____

This matter is before me on the **Plaintiffs' Motion for Leave t File First Amended**

**Complaint** [Doc. # 20, filed 9/18/2006] (the "*Motion to Amend*").  The *Motion to Amend* is

GRANTED.

The plaintiffs seek leave to amend to add a prayer for exemplary damages.  This is a

diversity action, and Colorado substantive law governs its resolution.  Section 13-21-102 of the

Colorado Revised Statutes concerns the award of exemplary damages and provides in relevant

part:

> (1)(a)  In all civil actions in which damages are assessed by a jury
> for a wrong done to the person or to personal or real property, and
> the injury complained of is attended by circumstances of fraud,
> malice, or willful and wanton conduct, the jury, in addition to the
> actual damages sustained by such party, may award him reasonable
> exemplary damages.  The amount of such reasonable exemplary
> damages shall not exceed an amount which is equal to the amount
> of the actual damages awarded to the injured party.

(b)   As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff.

(1.5)(a)   A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief.  A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the ***plaintiff establishes prima facie proof of a triable issue***.  After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

(Emphasis added.)

This case involves claims by an insured against its insurance company for breach of the insurance contract and bad faith breach of the insurance contract.  The proposed first amended complaint alleges bad faith through the defendant's willful and wanton misconduct by, among other things, failing to effectuate a prompt, fair, and equitable settlement of the plaintiffs' claims. *First Amended Complaint and Jury Demand [Proposed]* [Doc. # 20-2] at ¶32.  According to the plaintiffs, this bad faith is based on the facts that the defendant initially denied coverage without even conducting an investigation into the damage and then took seven months to complete its investigation.  Id. at ¶¶17-24.

In Pham v. State Farm Mutual Automobile Ins. Co., 70 P.3d 567, 572 (Colo. App. 2003), the Colorado Court of Appeals stated:

To establish the tort of bad faith breach of an insurance contract, a plaintiff must show that the insurer acted both unreasonably and with knowledge of or reckless disregard of its unreasonableness.

> Bad faith breach of an insurance contract encompasses the entire course of conduct and is cumulative.
>
> A willful and wanton breach is a refusal to pay insurance benefits when due and is established when an insurer acts without justification and in disregard of the plaintiff's rights.
>
> The determination of whether an insurer has in bad faith or willfully and wantonly breached its duties to an insured is one of reasonableness under the circumstances.

(Internal citations omitted.)

The parties have made their Rule 26(a)(1) disclosures. The proposed amended complaint alleges facts which, if proven at trial, could give rise to an award of exemplary damages. The defendant resists the amendment, however, claiming that the plaintiffs have failed to satisfy the statutory requirement that they establish prima facie "proof" of willful and wanton misconduct by the defendant before an amendment may be allowed. See section 13-21-102 (1.5)(a), C.R.S. According to the defendant, the plaintiffs must support their motion to amend with evidence--in the form of documents, affidavits, or the like--demonstrating willful and wanton misconduct.

Amendment of pleadings in a federal court is controlled by Fed. R. Civ. P. 15, which provides that amendment "shall be freely given when justice so requires." An amendment generally may be denied only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal under Rule 12, Fed. R. Civ. P. Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999). In ruling on a motion to dismiss under Rule 12, the court must accept the well-pleaded allegations as true, and

must construe all reasonable inferences in favor of the plaintiff.  <u>City of Los Angeles v. Preferred Communications, Inc.</u>, 476 U.S. 488, 493 (1986); <u>Mitchell v. King</u>, 537 F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  A claim should be dismissed only where, without a doubt, the plaintiff can  prove no set of facts in support of the claim.  <u>Id.</u>

To require the plaintiffs to present evidence in support of their motion to amend runs counter to these well established and long held federal procedural rules.

IT IS ORDERED that the *Motion to Amend* is GRANTED.  The Clerk of the Court is directed to accept for filing the *First Amended Complaint and Jury Demand* [Doc. # 20-2] submitted with the *Motion to Amend*.

Dated November 2, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge