IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01144–EWN–BNB

ROBERT SAIZ, Individually, and,
BRIGHTON SANTA-FE INC., d/b/a
Brighton Depot, Inc., a Colorado
corporation,

      Plaintiffs,

v.

CHARTER OAK FIRE INSURANCE Co., a
Connecticut corporation,

      Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

This was an insurance case. Plaintiffs Robert Saiz and Brighton Santa-Fe, Inc., alleged Defendant Charter Oak Fire Insurance Company breached an insurance contract and acted in bad faith by denying their claim for insurance proceeds relating to water damage to their property. This matter comes before the court on Defendant's "Motion to District Judge Pursuant to Fed. R. Civ. P. 54(d)(1) to Review Costs Not Awarded by Clerk of the Court," filed October 9, 2007. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

### FACTUAL BACKGROUND

On September 12, 2007, I issued an order granting Defendant's motion for summary judgment on Plaintiffs' breach of insurance contract and bad faith claims, ordering the clerk to

dismiss Plaintiffs' claims with prejudice. (*See* Order and Mem. of Decision [filed Sept. 12, 2007].) Therein, I concluded that "Defendant may have its costs by filing a bill of costs within eleven days of the date of this order." (*Id.* at 20.)

On September 21, 2007, Defendant submitted a proposed bill of costs, itemizing its claimed costs in attached exhibits. (*See* Bill of Costs [filed Sept. 21, 2007].) Defendant requested $13,976.51 in total costs. (*Id.* at 1.)

On October 4, 2007, the clerk of this court entered an award of costs in the amount of $1,308.40. (*See* Revised Bill of Costs [filed Oct. 4, 2007].) On October 9, 2007, Defendant filed the instant motion, arguing the clerk erred in not awarding: (1) $843.50 for a transcript of Plaintiff Saiz's deposition taken during the pendency of Defendant's motion for summary judgment; (2) $402.81 in airfare and rental car expenses incurred in taking this deposition; and (3) $43.75 for a certified copy of a transcript of a hearing on Plaintiffs' motion to amend their complaint. (Mot. to Dist. Judge Pursuant to Fed. R. Civ. P. 54[d][1] to Review Costs Not Awarded by Clerk of the Court [filed Oct. 8, 2007] [hereinafter "Def.'s Br."].) Attached to Defendant's motion and a supplemental motion proffering additional attachments, Defendant appended invoices, receipts, and other documentation of its alleged expenses. (*See id.*, Ex. 2 [Saiz Dep. Invoice], Ex. 4 [Hr'g Tr. Invoice]; Unopposed Mot. for Leave to Supplement Mot. to Dist. Judge Pursuant to Fed. R. Civ. P. 54[d][1] to Review Costs Not Awarded by Clerk of the Court with the Attached Exhibit 5, Ex. 5 [Travel Invoices] [filed Oct. 10, 2007].) On October 17, 2007, Plaintiffs responded to Defendant's motion. (Pls.' Resp. to Def.'s Mot. to Review Costs Not Awarded by Clerk of the Court [filed Oct. 17, 2007] [hereinafter "Pls.' Resp."].) On

October 29, 2007, Defendant replied.  (Reply in Supp. of Mot. to Dist. Judge Pursuant to Fed. R. Civ. P. 54[d][1] to Review Costs Not Awarded by Clerk of the Court [filed Oct. 29, 2007] [hereinafter "Def.'s Reply"].)  This matter is fully briefed and ripe for review.

**ANALYSIS**

*1.     Legal Standard*

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1) (2008).  The general cost statute permits the prevailing party to recover certain enumerated costs, including "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 29 U.S.C. § 1920(2) (2006).

Deposition costs are taxable under section 1920, and Tenth Circuit holds that "[a]s long as the taking of [a] deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (citation omitted); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000) (interpreting 29 U.S.C. sections 1920[2] and 1920[4] as permitting recovery of deposition costs).  Conversely, if a deposition is taken simply for discovery purposes, its costs are not recoverable.  *See, e.g.*, *Manildra Milling Corp. v. Ogilvie Mills Inc.*, 878 F. Supp. 1417, 1427 (D. Kan. 1995), *aff'd* 76 F.3d 1178 (Fed. Cir. 1996).  Costs for transcripts of court proceedings are also taxable under section 1920.  *See,*

*e.g.*, *Chavez Props.-Airport Parking Albuquerque, L.P. v. Lorentzen*, 204 F. App'x 745, 754–55 (10th Cir. 2006).

The taxing of costs "rests in the sound discretion of the trial court," and the question of whether costs are incurred in connection with materials necessarily obtained for use in the case is "a question of fact to be determined by the district court." *Allison*, 289 F.3d at 1248; *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1181 (10th Cir. 2005). Once the clerk has made his decision regarding taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 2007); *see also BDT Prods. Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting the same).

*2.     Evaluation*

In the instant case, Defendant argues the clerk erred in not awarding: (1) $843.50 for a transcript of Plaintiff Saiz's deposition taken during the pendency of Defendant's motion for summary judgment; (2) $402.81 in airfare and rental car expenses incurred in taking this deposition; and (3) $43.75 for a copy of a transcript of a hearing on Plaintiffs' motion to amend their complaint. (Def.'s Br. at 2–3.) Plaintiffs deny that such costs are properly taxable. (*See* Pls.' Resp.) I assess each category of costs in turn.

*a.     $843.50 for Transcript of Plaintiff Saiz's Deposition*

Defendant first argues it is entitled to $843.50 in court reporter fees related to the taking of Plaintiff Saiz's deposition during the pendency of its motion for summary judgment, even though this plaintiff had previously been examined under oath in connection with his insurance

claim. (Def.'s Br. at 3–6.) Defendant claims this deposition was necessary to its defense because Plaintiff had not previously been questioned regarding: (1) his alleged damages; (2) the current state of his corporation; (3) the status of his insured property; (4) his bankruptcy; or (5) the status of equipment or property disposed of following his earlier examination. (Def.'s Br. at 4; Def.'s Reply at 1–2.) Because Plaintiff Saiz's examination under oath occurred before Plaintiffs had filed their lawsuit, Defendant moreover claims that "many issues relevant to Plaintiff[] [Saiz's] claims had changed since his [examination]." (Def.'s Reply at 2.) Finally, Defendant contends Plaintiff Saiz's deposition would have been necessary to its defense at trial had this case survived summary judgment, and argues "[e]lementary standards of practice dictate that [Defendant] had to take basic steps to mounting an effective defense." (Def.'s Br. at 4; Def.'s Reply at 4.)

In response, Plaintiffs fail to substantively engage these assertions, but instead argue that "a deposition transcript must be introduced as evidence to the court before it is eligible to be taxed as a cost," and suggest that Plaintiff Saiz's deposition was "cumulative and unnecessary for purposes of Defendant's [m]otion for [s]ummary [j]udgment," in part because it was taken while Defendant's motion was pending, and thus was never introduced into evidence. (Pl.'s Resp. at 3–4.) For the following reasons, I disagree.

First, despite their claim that "a deposition transcript must be introduced as evidence to the court before it is eligible to be taxed as a cost," none of the cases Plaintiffs cite for this proposition so hold. (*See* Pl.'s Resp. at 2–3). Instead, in *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997), the Tenth Circuit affirmed the taxation of costs for depositions that

had been submitted in connection with a summary judgment motion, but declined to consider whether the taxation of costs for depositions not submitted with such a motion was also proper because the parties had failed to include such depositions in the appellate record, thus precluding review of whether they were necessarily obtained for use in the case. 115 F.3d 1471, 1474 (10th Cir. 1997). In *James v. Coors Brewing Co.*, this court awarded costs for deposition transcripts used (1) to impeach witnesses at trial, and (2) in connection with a summary judgment motion, but declined to award costs for (3) depositions allegedly used "to prepare for the testimony of the witnesses who appeared in court," because the plaintiff had failed to adequately prove that such depositions had actually been so used. 73 F. Supp. 2d 1250, 1261 (D. Colo. 1999). Finally, in *Karsian v. Inter-Regional Financial Group*, this court adopted a "test" to determine when deposition costs are taxable, stating:

> (1) costs for depositions taken solely for discovery purposes or for counsel's convenience are not taxable; (2) costs of both the stenographic transcription and the videotaping of the deposition of individuals who later testified at trial are taxable; (3) costs for depositions cited in summary judgment briefs are taxable; (4) costs of depositions where depositions excerpts were exchanged for use at trial are taxable; (5) for categories 3 and 4 above, only the cost of the stenographic transcript is taxable, unless the witness also testified at trial; (6) costs for depositions of individuals who did not testify at trial or appear on the parties' pretrial order and one of the parties' final witness lists are not taxable, unless these depositions fall into category 3 or 4 above; and (7) costs of the stenographic transcripts of individuals who did not testify at trial but whose names appeared on the pretrial order as well as one of the parties' final witness list are taxable.

13 F. Supp. 2d 1085, 1088 (D. Colo. 1998).

I find both *Tilton* and *James* irrelevant to the instant case because they established no *per se* rule that "a deposition transcript must be introduced as evidence to the court before it is

eligible to be taxed as a cost," and Plaintiffs have made no effort to analogize the facts of the instant case to the facts of those cases. Plaintiffs apparently confuse the citation of cases that held in a particular manner with legal analysis demonstrating why they so held, and how their facts are analogous to the facts of the instant case, and I find such uncontextualized citations unavailing. By contrast, *Karsian* does purport to create a *per se* rule that arguably precludes taxation of costs for depositions that are (1) not used at trial, (2) not used in a summary judgment motion, (3) not exchanged in excerpts between parties for use at trial, and (4) not of deponents listed in a pretrial order, but I decline to follow *Karsian* for the following reasons. First, as a district court case, *Karisian* is not binding, and I find its seven-part "test" inconsistent with the clear language of section 1920, which permits the recovery of deposition costs whenever such depositions are "necessarily obtained for use in the case." 29 U.S.C. § 1920(2) (2006). Second, I find *Karsian* potentially inconsistent with Tenth Circuit precedent permitting the recovery of deposition costs necessarily obtained for use in a case but arguably not includable within any of *Karsian*'s restrictive categories. For instance, in *Callicrate v. Farmland Industries, Inc.*, the Tenth Circuit affirmed the taxation of costs relating to multiple depositions which appeared reasonably necessary at the time they were taken, even though the case was eventually dismissed for lack of subject matter jurisdiction. 139 F.3d 1336 (10th Cir. 1998). In so affirming, the court noted:

> We have recognized that it is ordinarily best to judge reasonable necessity under [section] 1920 in light of the facts known to the parties at the time the expenses were incurred. . . . We are aware that the realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court on purely

> jurisdictional grounds or on grounds other than the merits. At the time that the parties engage in discovery, however, they may not know whether such a motion will be granted or whether they will be forced to proceed to trial. Hence, caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial.

*Id.*, 139 F.3d at 1340 (internal citations and footnotes omitted). While the *Callicrate* court did not discuss whether excerpts of the allowed depositions had been exchanged between the parties for use at trial, or whether their deponents had been listed in a pretrial order, it is clear that such depositions were never used at trial, and court related that fewer than half of the allowed depositions were used in connection with outstanding motions for partial summary judgment that were rendered moot by the district court's jurisdictional ruling. *See id.*, 139 F.3d at 1338–39 (noting that only ten of twenty allowed depositions were ever submitted in connection with motions to dismiss or for partial summary judgment in the case). Because I find the questions of whether (1) deposition excerpts were exchanged between the parties for use at trial, or (2) their deponents were listed in any pretrial order, clearly subsidiary to the question of whether such depositions were "necessarily obtained for use in the case," I decline to assume that *Callicrate*'s holding turned upon such formalistic and unstated considerations, and accordingly find *Karisian* at least potentially inconsistent with *Callicrate*, and thus impermissibly restrictive. In any event, I find *Karisian*'s limited categories of allowable depositions to be, at best, a list of non-exclusive proxies for determining whether depositions were "necessarily obtained for use in the case," and accordingly abjure the strictures of test to address the underlying question it was adopted to answer. 29 U.S.C. § 1920(2) (2006).

On the facts of the instant case, I find Plaintiff Saiz's deposition was "necessarily obtained for use in the case" because it "appeared to be reasonably necessary at the time it was taken." 29 U.S.C. § 1920(2) (2006); *Allison*, 289 F.3d at 1249. Defendant has persuasively argued Plaintiff Saiz's deposition was necessary to preparing its defense for any eventual trial, in part because it was necessary to assessing his claimed damages, the status of the damaged property, and the state of his own and Defendant Brighton Santa-Fe, Inc.'s finances, the latter of which I note could have been relevant to impeachment evidence relating to Defendant's intimations of insurance fraud. (Def.'s Br. at 4; Def.'s Reply at 1–2.) By contrast, Plaintiffs do not meaningfully refute that this deposition was necessary for such purposes, but instead purport to show that depositions must be submitted in evidence to be necessarily used in a party's case. (Pls.' Resp. at 2–5.) As explained above, I reject this argument. Moreover, even reading their response charitably, Plaintiffs' only arguable attempt to substantively engage Defendant's arguments is their half-hearted suggestion that Defendant could have inquired into the relevant factual questions at Plaintiff Saiz's earlier examination under oath. (*See id.* at 4.) I am unpersuaded. I agree with Defendant that deposing the primary plaintiff in an insurance case on such central questions as his alleged damages is required by "[e]lementary standards of practice," and I disagree with Plaintiffs that the examination of this plaintiff under oath in connection with his insurance claim, and before he had even filed his lawsuit, is an adequate substitute for such a deposition, thus rendering an unnecessary any subsequent questioning. (Def.'s Reply at 4.) In short, I find Defendant has satisfied its burden of proving the deposition

was necessarily obtained for use in this case, and hence that the clerk erred in not awarding $843.50 in court reporter fees relating to Plaintiff Saiz's deposition.

### b. *$402.81 in Airfare and Rental Car Expenses*

Defendant next argues the clerk erred in not awarding $402.81 in airfare and rental car expenses incurred in taking Plaintiff Saiz's deposition. (Def.'s Br. at 2–3; Def.'s Reply at 4.) Specifically, Defendant argues it had to travel to Arizona to take Plaintiff Saiz's deposition, despite the fact that it emailed controlling law to Plaintiff Saiz's counsel showing that this plaintiff had to travel to Denver for his deposition. (*Id.*) Moreover, Defendant contends it did not move to compel Plaintiff Saiz's deposition in Denver in order to save litigation expenses, and to avoid embroiling this court in a relatively minor discovery dispute. (*Id.*) Plaintiffs respond that travel expenses are not taxable under 29 U.S.C. section 1920(2), and cite three cases so holding, including one authored by the undersigned. (Pls.' Resp. at 5.) I agree with Plaintiffs.

As I have previously held in *Robertson v. Las Animas County Sheriff's Department*, "28 U.S.C. § 1920 . . . does not contemplate travel expenses in its list of recoverable expenses." No. 04–cv–02294–EWN–MEH, 2006 WL 1805171, at *4 (D. Colo. June 29, 2006); *see also Embotelladora Agral Regiomontana S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("[T]he travel expenses of attorneys are not recoverable under § 1920."). Defendant fails to refute such authority in its instant reply. (*See* Def.'s Reply.) Accordingly, I find Defendant has failed to satisfy its burden of proving the clerk erred in disallowing $402.81 in airfare and rental car expenses incurred in taking Plaintiff Saiz's deposition.

### c. *$43.75 for a Copy of a Transcript of a Hearing on Plaintiffs' Motion to Amend Their Complaint*

Lastly, Defendant contends the clerk erred in not awarding $43.75 for a copy of a transcript of a hearing on Plaintiffs' motion to amend their complaint. (Def.'s Br. at 5; Def.'s Reply at 2.) Defendant argues this transcript was used in preparing its objection to the magistrate judge's ruling permitting Plaintiffs to amend their complaint, and thus was "necessarily obtained for use in the case." (*See id.*; *see also* Def. Charter Oak Fire Ins. Co.'s Obj. Pursuant to F.R.C.P Rule 72[a] to Magistrate Judge's Order of November 3, 2006 ["Def.'s Mag. Obj."], Ex. 1 [Transcript] [filed Nov. 11, 2006].) Plaintiffs fail to meaningfully refute this assertion, and instead merely claim the cost of this transcript should not be taxed because the transcript was not used in Defendant's summary judgment motion. (Pls.' Resp. at 2 n.1.) For all the reasons cited above, I find this transcript's inclusion or exclusion from Defendant's summary judgment motion irrelevant to whether it was necessarily obtained for use in this case. Moreover, I find the transcript was "necessarily obtained for use in the case" because it was actually necessarily used in Defendant's objection to the magistrate judge's ruling. 29 U.S.C. § 1920(2) (2006); (*see also* Def.'s Mag. Obj at 1–2 [citing this transcript in arguing that the magistrate judge erred].) Accordingly, I find Defendant has satisfied its burden of proving the clerk erred in not awarding $43.75 for the cost of this transcript.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that Defendant's motion to review costs not awarded by the clerk (#69) is GRANTED in part and DENIED in part:

1. Defendant's motion to GRANTED as to the $843.50 and $43.75 in costs relating to deposition and hearing transcripts; but

2. Defendant's motion is DENIED as to the $402.81 in costs relating to travel expenses.

3. The clerk shall amend the Bill of Costs to increase the amount awarded to Defendant by $887.25, for a total of $2,195.65.

Dated this 1st day of August 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge